UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN C. DREWA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | SA-24-CV-1237-FB (HJB) |
| | § | |
| SAN ANTONIO ZOOLOGICAL SOCIETY, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns the Rule 12(b)(6) Motion to Dismiss filed by Defendant San Antonio Zoological Society, Inc. ("the Zoo"). (Docket Entry 39.) The District Court has referred pretrial matters in this case to the undersigned for consideration. (*See* Docket Entry 4.) For the reasons stated below, I recommend that Defendant's motion (Docket Entry 39) be **GRANTED**, but that Plaintiff be given one final opportunity to amend his complaint.

## I. Jurisdiction.

Plaintiff's *pro se* amended complaint alleges a violation of the Americans with Disabilities Act ("ADA"), *see* 42 U.S.C. § 12188. (Docket Entry 38.) The Court has original jurisdiction over this claim pursuant to 28 U.S.C. § 1331. The undersigned issues this Report and Recommendation pursuant to 28 U.S.C. § 636(b).

## II. Background.

Plaintiff's amended complaint alleges that, on December 4, 2023, he attempted to enter the Zoo with his service animal. (Docket Entry 38, at 2.) Upon arrival, Zoo personnel required Plaintiff to fill out some paperwork as a condition of entry. Believing that completing the forms

would require him to disclose private and sensitive information, submit to restrictive conditions, and waive legal rights, Plaintiff declined to do so. (*Id.* at 3.) Zoo personnel therefore denied Plaintiff access to the facility. (*Id.*)[1]

Plaintiff's amended complaint asserts one claim: that the Zoo violated the ADA's public accommodation requirement by conditioning his admission upon completion of the aforementioned documentation. (Docket Entry 38, at 4–6.)[2] Defendant has moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for relief. (Docket Entry 39.) Plaintiff has responded to the motion. (Docket Entry 40.)

**III. Legal Standard.**

"A court must dismiss a complaint as a matter of law when the plaintiff fails 'to state a claim upon which relief can be granted.'" *Hernandez v. Causey*, 124 F.4th 325, 331 (5th Cir. 2024) (quoting FED. R. CIV. P. 12(b)(6)), *cert. denied*, 145 S. Ct. 1930 (2025). To survive dismissal, the complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the well-pleaded factual allegations allow the Court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a plausible claim has been stated, "the Court assumes the truth of well-pleaded factual allegations and reasonable inferences therefrom." *Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 181 (2024) (citation modified). The Court does not, however, assume the

---

[1] Apparently, the Zoo refunded Plaintiff for his ticket, as the original complaint referred to a refunded ticket receipt. (*See* Docket Entry 1, at 4.)

[2] Plaintiff's Amended Complaint refers to constitutional privacy rights, but does not directly raise a constitutional claim.

truth of "legal conclusions; mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement," *Morgan v. Swanson*, 659 F.3d 359, 370 (5th Cir. 2011) (en banc) (citation modified), as those "are not well-pleaded facts for purposes of evaluating a complaint," *Alaska Elec. Pension Fund v. Flotek Indus., Inc.*, 915 F.3d 975, 981 (5th Cir. 2019) (citation modified).

**IV. Analysis.**

Title III of the ADA prescribes that: "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). A claim for failure to accommodate under the ADA has the following elements: (1) the plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered institution; and (3) the covered institution failed to make reasonable accommodations for such known limitations. *Strife v. Aldine Indep. Sch. Dist.*, 138 F.4th 237, 245 (5th Cir. 2025).

The Zoo does not dispute that it is a covered institution under the ADA. *See* 42 U.S.C. § 12181(I) ("[A] zoo . . . [is] considered [a] public accommodation."). Instead, it argues that Plaintiff offers "nothing more than conclusory allegations" as to the other elements of his ADA claim. (*See* Docket Entry 39, at 4.) The Zoo's motion is quite conclusory itself—its entire argument on the ADA claim comprises a single paragraph devoid of citation to case law. (*Id.*) In this respect, the motion appears to violate the Court's local rules, which require that all motions "state the grounds therefor and cite any applicable rule, statute, or authority justifying the relief

sought." W.D. TEX. R. CV-7(c)(1). Nevertheless, the Zoo is correct that the complaint lacks sufficient facts to plausibly allege that Plaintiff has a disability as required by the ADA.

To plausibly allege a disability, Plaintiff "must allege that he (1) has a mental or physical impairment that (2) substantially limits (3) a major life activity." *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011). Physical or mental impairments are defined by regulation to mean:

> [a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems; . . . [a]ny mental or psychological disorder such as intellectual disability, organic brain syndrome, emotional or mental illness, and specific learning disability; . . . [or] contagious and noncontagious diseases such as the following: [o]rthopedic, visual, speech and hearing impairments, and cerebral palsy, epilepsy, muscular dystrophy, multiple sclerosis, cancer, heart disease, diabetes, intellectual disability, emotional illness, dyslexia and other specific learning disabilities, Attention Deficit Hyperactivity Disorder, Human Immunodeficiency Virus infection (whether symptomatic or asymptomatic), tuberculosis, drug addiction, and alcoholism.

28 C.F.R. § 36.105(b)(1) (2016). In his Amended Complaint, Plaintiff alleges that he has "multiple service-connected disabilities" but never actually attempts to identify or allege a physical or mental impairment. (Docket Entry 38, at 2.) And that omission appears to have been intentional, as Plaintiff asserts that such information is "of a private and confidential nature," and suggests that disclosing it would be "improper." (*Id.*)

This will not do. If Plaintiff wishes the case to go forward, he must plausibly allege, in a non-conclusory manner, every element of his claim. Among other things, this means he must specifically allege an impairment within the meaning of the statute. *See Bracken v. G6 Hospitality LLC*, No. 4:14-CV-644-ALM-CAN, 2016 WL 3946791, at *6 (E.D. Tex. June 3, 2016) (recommending dismissal of ADA claim because plaintiff's pleadings "wholly fail to state what his alleged impairments are"), *report and recommendation adopted*, 2016 WL 3917701 (E.D. Tex.

July 20, 2016).

Plaintiff's complaint also fails to sufficiently allege that his impairment substantially limits a major life activity. "[I]n order to adequately allege a disability under the ADA, a plaintiff must plead facts giving rise to an inference that his or her impairment substantially limits one or more major life activities." *Luedecke v. Tenet Healthcare Corp.*, No. 3:14-CV-1582-B, 2015 WL 58733, at *5 (N.D. Tex. Jan. 5, 2015) (quoting *Hale*, 642 F.3d at 500–01) (citation modified)). In *Hale*, the Fifth Circuit considered a plaintiff's claim that he had been discriminated against based on his disabilities, which he described as "chronic back pain, chronic Hepatitis-C, and [a] psychiatric condition." 642 F.3d at 500. Although the plaintiff attached to his complaint medical records confirming that he suffered from these ailments, the court held that they were insufficient to support an ADA claim because they "did not contain facts regarding the impact of [his] ailments on his ability to perform major life activities." *Id*. at 500-01. Based on the lack of allegations regarding the impact of his impairments on his ability to perform major life activities, the court held that the plaintiff "failed to state a claim for relief" under the ADA. *Id*. at 501; *see also Mora v. Univ. of Tex. Sw. Med. Ctr.*, 469 F. App'x 295, 297 (5th Cir. 2012) (per curiam) (holding that plaintiff failed to state claim under ADA where she did not specify which of her life activities were substantially limited); *Luedecke*, 2015 WL 58733, at *6 (dismissing ADA claim where complaint neither specified "major life activities" that were allegedly limited nor presented any facts describing difficulties that were experienced in performing said activities).

Here Plaintiff alleges only that his disabilities "substantially limit major life activities, including, but not limited to, mobility, stress regulation, and adaptive functioning." (Docket Entry 38, at 2.) This is likewise insufficient. "[T]o be substantially limited means to be unable to

perform a major life activity that the average person in the general population can perform, or to be significantly restricted in the ability to perform it." *EEOC v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 614 (5th Cir. 2009) (citing 29 C.F.R. § 1630.2(j)). "Major life activities" include "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A). Plaintiff's two-line allegation in no way explains what activity he is unable to perform like the average person in the general population.[3]

For the reasons set out above, Plaintiff has failed to state a plausible claim for relief under the ADA. However, it appears that he may be able to amend his complaint to state a claim, if he chooses to disclose the specific nature of his impairments and the manner in which they substantially limit his major life activities. As "a court should grant a pro se party every reasonable opportunity to amend," *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020), the Court should allow Plaintiff one more opportunity to amend his pleading to try to state a plausible ADA claim.

## V. Conclusion and Recommendation.

For the foregoing reasons, I recommend that Defendant's Rule 12(b)(6) Motion to Dismiss (Docket Entry 39) be **GRANTED**, but that Plaintiff be given one final opportunity to amend his complaint to state a plausible claim for relief by alleging facts sufficient to meet each of the elements of an ADA violation.

---

[3] The undersigned notes that, although mobility impairments may qualify as a disability under the ADA, *Valentine v. Collier*, 993 F. 3d 270, 289 (5th Cir. 2021), Plaintiff has not actually alleged any such impairment. As to the inability to handle stress, it "is not, in and of itself, a disability under the ADA." *Griffin v. United Parcel Serv., Inc.*, No. CIV. A. 08-2000, 2008 WL 3851598, at *4 (E.D. La. Aug. 13, 2008). Indeed, even "PTSD . . . standing alone, is not necessarily a disability contemplated by the ADA." *Hamilton v. Sw. Bell Tel. Co.*, 136 F.3d 1047, 1050 (5th Cir. 1998).

## VI. Notice of Right to Object.

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this Report and Recommendation must be filed **within 14 days** after being served with a copy of the same, unless this time period is modified by the District Court. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).

The parties shall file any objections with the Clerk of the Court and serve the objections on all other parties. An objecting party must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; frivolous, conclusory, or general objections may be disregarded. *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the party from a *de novo* review by the District Court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to, proposed findings and conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED** on July 6, 2026.

Henry J. Bemporad
United States Magistrate Judge